## SCOTT v. PENNSYLVANIA CO.

### (Circuit Court, W. D. Pennsylvania. February 27, 1907.)

### No. 13.

RAILROADS — INJURY TO PULLMAN CONDUCTOR — LIABILITY UNDER PENNSYLVANIA STATUTE.

Act Pa. April 4, 1868 (P. L. 58), which provides that, "when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots, and premises of railroad property, or in or about any train or car therein or thereon, of which company such person is not an employé, the right of action and recovery in all such cases against the company shall be such only as would exist if such person were an employé, provided, that this section shall not apply to passengers," is applicable to the case of a conductor in the employ of a sleeping car company in charge of a car of such company forming part of a train of a railroad company, and who is injured or killed in a collision, and there can be no recovery therefor against the railroad company, where the collision was the result of the negligence of the defendant's servants engaged in the operation of its trains.

On Demurrer to Plaintiff's Statement.

Thos. M. Marshall, Jr., A. O. Fording, and B. L. Sen, for plaintiff. Dalzell, Scott & Gordon, for defendant.

EWING, District Judge. This is an action brought by Charlotte Scott, a citizen of the state of Illinois, against the Pennsylvania Company, a corporation of the state of Pennsylvania, for the purpose of recovering damages, under the provisions of the Pennsylvania Statutes of 1851 and 1855, for the death of her husband, Charles F. Scott, while in the discharge of his duties as a Pullman car conductor on a train operated by the defendant company, in Pennsylvania, on March 3, 1905. The said Charles F. Scott left the plaintiff, his widow, and no children, surviving.

The statement sets forth that:

"On the said 3d day of March, 1905, said Charles F. Scott was riding in a certain train operated by the said defendant. Said Charles F. Scott was then and there in the employment of a certain corporation known as the Pullman Company, as a conductor collecting Pullman car fares and having charge for the said Pullman Company of certain cars belonging to that company (commonly known as Pullman cars), which cars were then and there being used by the defendant as a part of the said train for the transportation of its passengers. Said Charles F. Scott was then and there riding upon the said train by the permission and invitation of the defendant company for the purpose of performing on the said train his duties as an employé of the Pullman Company. At the same time and on the same line of railroad the defendant company was engaged in the operation of a certain other train following that upon which said Charles F. Scott was riding, upon the same track. The defendant company, on or before the said 3d day of March, 1905, had established a complete system of modern block signals along the said railroad, the regular and customary use of which, if the said signals had been properly shown and properly heeded by the employés of the defendant company, would have prevented the said following train from coming within any block or section of road in which the said first train was running or standing. On the said 3d day of March, 1905, the said train first referred to was stopped by the defendant company at or near Clifton Station, in Pennsylvania, and, while the said train was there standing, the defendant company and its employés did with gross negligence and carelessness so conduct the operation of its said railroad as that the said following train, at a high rate of speed, ran into and struck with great force against the said first train, and thereby wrecked the said first train, and in so doing killed said Charles F. Scott."

The only cause of the accident that can be inferred from the plaintiff's statement is that it was the result of negligence on the part of either the signal men or the engineer of the following train, or both, and this is the theory upon which the argument on the demurrer was made.

To this statement the defendant filed a demurrer, alleging substantially two grounds: First, that plaintiff, as a citizen of the state of Illinois, is not entitled to recover for the injuries alleged to have resulted to her as set forth in her said statement; and, second, that the case is clearly brought within the provisions of the statute of Pennsylvania of April 4, 1868 (P. L. 58), which provides:

"That when any person shall sustain personal injury or loss of life while lawfully engaged or employed on or about the roads, works, depots, and premises of railroad property or in or about any train or car therein or thereon, of which company such person is not an employé, the right of action and recovery in all such cases against the company shall be such only as would exist if such person were an employé, provided, that this section shall not apply to passengers."

By reason of the view taken of the second ground of demurrer, it is unnecessary to dwell at length upon the first, consequently no opinion is expressed thereon.

Plaintiff's counsel frankly admits in his brief that whether the plaintiff's statement sets forth such negligence as constitutes a cause of action must be determined in the light of the act of April 4, 1868, and that in this case the court must deem for the purpose that decedent was on the pay roll of defendant and under its orders, but engaged in collecting special fares, etc. Also, that "this puts decedent in the like relation to the train and to the operation of the road as a baggageman, or any other employé whose work is inside."

Under these circumstances, however much may be said pro and con regarding the justice of the provisions of said act of 1868, in all cases to which it has been applied, I do not see how, under the decisions in those cases, it is possible to distinguish this from the case of a baggagemaster, or a porter, or a mail clerk, all of whom have been held to be within the provisions of that act. Unquestionably, the conductor of a Pullman car assumes as part of the risk of his employment the danger of injury from negligence on the part of those operating the train upon which he must travel in the discharge of his duties, and if that be the case, and, while not in the employ of the railroad company directly, he is yet brought within the category of such employés, it must be concluded that, like them, he is without remedy when injured in consequence of the neglect of the employés of said company.

It might be interesting, but could serve no good purpose that I can now see, to call attention to the various cases, both in the courts of this state and the federal courts, where this principle of the assumption of risk by employés and the validity of the provisions of said act of 1868 are examined and determined. It is sufficient to say that no case has been cited by counsel for the plaintiff, and I have been able to discover none, which casts, in my opinion, any doubt upon the application of that principle and of the act of 1868 to the admitted facts in this case.

Consequently, I am constrained to sustain the demurrer on that ground.